IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| v. | § | CR. No. C-10-884 |
| | § | (C.A. No. C-12-304) |
| JUAN MANUEL ROJAS, JR., | § | |
| | § | |
| Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER DISMISSING MOTION
TO VACATE, SET ASIDE OR CORRECT SENTENCE AND
DENYING CERTIFICATE OF APPEALABILITY,**

Pending before the Court is Movant Juan Manuel Rojas, Jr.'s (Rojas) motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 87. The Court has reviewed the § 2255 motion and concludes that summary dismissal pursuant to Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS (2012) (2255 Rules) is appropriate. For the reasons discussed herein, Rojas' motion to vacate is DENIED and he is DENIED a certificate of appealability.

### I. JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

### II. FACTS AND PROCEEDINGS

**A.    Criminal Offense**

Rojas and his co-defendant were stopped in August 2010 at the Falfurrias, Texas, Border Patrol Checkpoint and a drug canine alerted to the car they were in. D.E. 1. After the dog alerted, the car was moved to secondary and the men were questioned separately. After they gave inconsistent statements, the agent asked the driver if there was contraband in the car. The driver told

1

the agent it was in the back. The agents found cocaine hidden in two bags of charcoal in the trunk of the car. Id. Both were arrested. Id.

Border Patrol Agents advised Rojas of his Miranda rights and Rojas signed a form indicating that he waived his rights and agreed to speak with agents. Id. He admitted that he was to be paid $3000 to transport drugs from McAllen to Houston. He solicited his friend and co-defendant to help him in exchange for half of the money. Id. The cocaine weighed approximately 6.6 kilograms.

**B.     Criminal Proceedings**

Rojas made his initial appearance in federal court the day after his arrest and was appointed counsel. Minute Entry August 27, 2010, D.E. 4. Rojas and his co-defendant were indicted on September 22, 2010. D.E. 12. They were charged with two counts, conspiracy to posses with intent to distribute more than 5 kilograms of cocaine in violation of 18 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A), and possession with intent to distribute more than 5 kilograms of cocaine in violation of 18 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). Id. He was arraigned a week later. See Minute Entry September 28, 2010.

On November 15, 2010, Rojas entered into a written plea agreement with the government. D.E. 22. In exchange for his guilty plea to Count One of the indictment, the government agreed to recommend that Rojas be given maximum credit for acceptance of responsibility and to recommend a sentence within the applicable guidelines. Id. at ¶ 2. The plea agreement also stated that "neither the Government nor any law enforcement officer can or does make any promises or representation as to what sentence will be imposed by the Court." Id. at ¶ 5. The agreement advised Rojas that his sentence would be determined by reference to the Sentencing Commission's Guideline Manual and he agreed and acknowledged that the "Court may impose any sentence up to and including the maximum, and the sentence to be imposed is within the sole discretion of the Court. . . ." Id. at ¶ 6.

The agreement further advised him that "any estimate of the probable sentencing range under the sentencing guidelines that he/she may have received from his/her counsel, the United States or the Probation Office, is a prediction, not a promise, and is not binding on the United States, the Probation Office or the Court." Id. at ¶ 7.

At rearraignment, Rojas was questioned by the Court. He testified that he had reviewed the indictment, understood the charges against him, and that he was satisfied with counsel. D.E. 73 at 10-11. Rojas testified he signed his plea agreement voluntarily; he read it before he signed it; he understood it; no promises were made to him other than those in the agreement; and he discussed it with counsel. Id. at 13. The Court reviewed the maximum punishment for conspiracy to possess with intent to distribute of 10 years up to life in prison, a fine up to $4 million, at least five years of supervised release, and a $100 special assessment. Id. at 15. Rojas testified he understood. Id. Rojas agreed with the government's recitation of the facts of the offense and pled guilty. Id. at 28. The Court ordered the Probation Department to prepare a Presentence Investigation Report (PSR). D.E. 23.

The PSR calculated Rojas' base offense level to be 32 based upon the amount of cocaine, 5.999 kilograms (net). D.E. 26 at ¶ 11. His total offense level was 29 after credit for acceptance of responsibility. Id. at ¶¶ 17-20.

Rojas had several previous convictions including, DWI (misdemeanor), Illegal Entry (misdemeanor), possession of marijuana (misdemeanor), DWI (misdemeanor), which resulted in 7 criminal points and a criminal history category IV. Id. at ¶¶ 22-26. His sentencing range was 121-151 months, with a minimum statutory sentence of 120 months. Id. at ¶¶ 45-46.

Sentencing was held in April 2011. At sentencing, Rojas testified that he had reviewed the PSR with his attorney and was ready for sentencing. The Court advised Rojas of the guideline calculation and of the minimum sentence,

> 19 . . . Now, as you are aware, because of your drug
> 20 quantity, there is a minimum mandatory that applies.
> 21 That's 120 months. I cannot go under that unless
> 22 certain conditions are met:
> 23 One is that you qualify for safety valve,
> 24 which you don't. Because of your criminal history, you
> 25 can't qualify for safety valve.
> 1 The other one is where the Government
> 2 files a motion under Section 5K1.1. If that's not done,
> 3 I cannot give you anything less than 10 years because of
> 4 this quantity of cocaine. So that's what we're looking
> 5 at at this point.
> 6 Mr. Hess, is there a 5K motion coming, or
> 7 not?
> 8 MR. HESS: No, Your Honor.

D.E. 58 at 4-5.

The government did not make a motion for downward departure. Rojas did not qualify for safety valve due to his criminal history. The Court sentenced Rojas to the statutory minimum sentence of 120 months, 5 years supervised release, no fine and a $100 special assessment. D.E. 58 at 9-10. The Court informed Rojas of his right to appeal. Id. at 10.

Judgment was entered on the docket on March 3, 2011. D.E. 39. Rojas timely appealed. D.E. 35. The Fifth Circuit Court of Appeals affirmed on June 20, 2012. D.E. 86. Rojas timely filed his motion to vacate, set aside or correct judgment pursuant to 28 U.S.C. § 2255. D.E. 87.

## III. MOVANT'S ALLEGATIONS

Rojas claims that his counsel was ineffective on the grounds that counsel failed to, 1) file timely written objections to the PSR, 2) raise unreasonable sentence as an issue on appeal, 3) argue for minor role, 4) preserve or perfect the record on appeal, and 5) failed to argue that his sentence was unreasonable under Booker or Gall. Rojas also claims he was eligible for a downward departure under minor role in the offense and counsel was ineffective for failing to present any mitigating evidence to the Court. In his prayer, Rojas asks the Court to consider a two level minor role reduction.

## IV. ANALYSIS

### A. 28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam). "[A] collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982).

### B. Standard for Ineffectiveness of Counsel

An ineffective assistance claim presented in a § 2255 motion is properly analyzed under the two-prong analysis set forth in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984). United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective

assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. Id. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. United States v. Dovalina, 262 F.3d 472, 474-75 (5th Cir. 2001). To show that his attorney's performance at sentencing in a noncapital case was prejudicial under Strickland, the movant must demonstrate that counsel's error led to some increase in the length of his imprisonment. Glover v. United States, 531 U.S. 198, 203, 121 S.Ct. 696 (2001); United States v. Herrera, 412 F.3d 577, 581 (2005).[1]

If the movant fails to prove one prong, it is not necessary to analyze the other. Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

## C. Counsel's Alleged Ineffective Assistance at Sentencing

1. *Failure to file timely written objections to the PSR*

Although Rojas claims that counsel was ineffective because he failed to file timely written objections to the PST, Rojas does not state what objections should have been raised or how those objections would have affected his sentence.

Rojas was sentenced to the minimum term established by Congress for his drug trafficking violation. 21 U.S.C. § 841(b)(I0(A)(ii)(II). A person who possesses 5 kilograms or more of cocaine

---

[1] The Fifth Circuit adopted the "any amount of jail time" test in United States v. Grammas, 376 F.3d 433, 439 (5th Cir. 2004). "This test originated from the Supreme Court's decision in Glover v. United States where the Court explained that any amount of additional jail time has significance under Strickland." Id. (internal citations omitted).

6

with intent to distribute "shall be sentenced to a term of imprisonment which *may not be less than 10 years* or more than life . . . ." Id. (emphasis added).

At sentencing, Rojas counsel raised the issue of a potential error in the PSR which stated that Rojas had been convicted of Illegal Entry. Rojas is a United States citizen. Rojas acknowledged that he was convicted of transporting or aiding and abetting Illegal Reentry and served 90 days for that conviction. The Court acknowledged that although the description was incorrect, the conviction still counted, although it minimally affected his guideline range of 121-151 months.

Rojas can show no prejudice from counsel's failure to file written objections. He was sentenced to 120 months, the lowest possible sentence. Rojas did not qualify for the only exceptions to the minimum sentence, safety valve or a downward departure for substantial assistance. No ineffective assistance is shown. Armstead, 37 F.3d at 210 ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one").

2. *Minor Role*

Rojas claims that counsel did not argue for minor role. This complaint fails in part because Rojas can show no prejudice. If Rojas had received a lesser guideline range, he was still subject to the statutory minimum sentence of 120 months. See e.g. United States v. Norman, 415 F.3d 466, 470 n.3 (5th Cir. 2005) (recognizing that credit for minor role did not remove statutory minimum sentence in drug trafficking conviction). Furthermore, Rojas' testimony at sentencing that he recruited his co-defendant contradicts his claim for minor role. A minor participant is a defendant "who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.3, application notes (5). The Fifth Circuit has also affirmed the position that even a mere courier may not be entitled to minor role status. United States v. Buenrostro, 868 F.2d 135, 137-38 (5th Cir. 1989). In Buenrostro, the Fifth Circuit, held that a district court did not commit clear error

7

in not awarding a § 3B1.2 reduction to a one-time courier of heroin who smuggled the heroin just after being asked by a few men he had just met at a bar.

> [E]ven if the defendant were purely a courier having no knowledge of the other aspects of the drug-dealing operation, the defendant might nonetheless be a highly culpable participant in the operation. A courier who willingly undertakes illegal transit without asking many questions is especially valuable to a criminal organization. When police apprehend a studiously ignorant courier the organization can rest comfortably, knowing that its other operations remain hidden from the law.

Id. Similarly, in United States v. Lujan-Sauceda, the Fifth Circuit stated that neither a defendant's status as a first time offender nor his claims to be a courier require an adjustment under § 3B1.2 for minor participant status. 187 F.3d 451, 452 (5th Cir.1999); see also United States v. Ceniceros, 349 Fed. Appx. 948 at *1 (5th Cir. 2009) (designated unpublished) (rejecting drug courier's claim that he was a minor participant).

In light of this Circuit's rejection of minor role for drug couriers and Rojas' inability to demonstrate prejudice, counsel was not ineffective for failing to raise the issue with the Court. Counsel is not ineffective for failing to make an unfounded objection. United States v. Kimmler, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument thus cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue."). No ineffective assistance is shown.

    3.  *Unreasonable sentence*

Rojas makes two related complaints, that trial counsel did not preserve his claim that his sentence was unreasonable and that appellate counsel did not raise the claim on appeal. Rojas claims that his sentence was unreasonable under the teachings of Booker and Gall.

In United States v. Booker, 543 U.S. 220 (2005), the Supreme Court held that "where facts found by a judge by a preponderance of the evidence increased the applicable Guidelines range,

treating the Guidelines as mandatory in those circumstances violated the Sixth Amendment right of criminal defendants to be tried by a jury and to have every element of an offense proved by the Government beyond a reasonable doubt." Pepper v. United States, — U.S. ----, 131 S.Ct. 1229, 1241 (2011) (quoting Booker, 543 U.S. at 243-44). In Rojas' case, the Court did not find facts to increase Rojas' sentence, other than the facts of his previous convictions. The Supreme Court's previous decision in Apprendi v. New Jersey, 530 U.S. 466, (2000), expressly permits a judge to determine the effect of previous convictions. Booker, 543 U.S. at 244; Apprendi, 530 U.S. at 490 ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt. ").

In Gall v. United States, 552 U.S. 38, 49-51 (2007), the Court held that a district court may impose sentences "within statutory limits based on appropriate consideration of all of the § 3553(a) factors, subject to appellate review for "reasonableness." Gall recognized the binding nature of the statutory limits.

The Fifth Circuit has previously rejected challenges to the reasonableness of a statutory minimum sentence. United States v. Doggins, 633 F.3d 379, 384 (5th Cir. 2011) ("Doggins contends the district court erred by not considering the 18 U.S.C. § 3553(a) reasonableness factors when imposing the statutory mandatory minimum sentence. The district court does not have power to sentence below a statutory minimum, however, so Doggins has already received the lowest possible sentence."); see also United States v. Calhoun, 478 Fed. App'x. 193, 195 (5th Cir., June 7, 2012) (per curiam) (designated unpublished) ("Because the district court lacked the power to sentence [defendant] below those statutory minimums, his challenge to his sentence is unavailing."). Counsel was not ineffective for failing to object to the reasonableness of Rojas' statutory minimum sentence

9

and appellate counsel was not ineffective for failing to raise the issue on appeal. Such an objection or appellate issue would have been frivolous.

## V. CERTIFICATE OF APPEALABILILTY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Rojas has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

10

Based on the above standards, the Court concludes that Rojas is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. See Jones, 287 F.3d at 329.

## VI. CONCLUSION

For the foregoing reasons, Rojas' motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E.87) is **DENIED** and he is also denied a Certificate of Appealability.

It is so **ORDERED.**

**SIGNED** on this 28th day of November, 2012.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE